IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NEW LIFE TREATMENT CENTER, INC. | 4:24-CV-04058-KES |
| Plaintiff, | |
| vs. | |
| SANFORD HEALTH PLAN., | **JOINT MOTION FOR ENTRY OF QUALIFIED PROTECTIVE ORDER AND ORDER** |
| Defendant. | |

By agreement of plaintiff and counter-defendant New Life Treatment Center ("New Life"), and defendant and counter-claimant Sanford Health Plan ("Sanford"), pursuant to Fed. R. Civ. Proc. 26(c) and 45 C.F.R. § 164.512(e)(1), and due to discovery sought in this matter by New Life and Sanford that may require the production of certain confidential, proprietary, and/or sensitive information, including Protected Health Information ("PHI") and personally identifiable information ("PII") as further defined below, the parties jointly move for the Court to enter the following Order:

1.    **Purpose**

This agreed upon Protective Order ("Protective Order") relates to documents and other information that will be exchanged in the currently pending lawsuit captioned *New Life Treatment Center, Inc., v. Sanford health Plan*, venued in U.S. District Court for the District South Dakota, Southern Division, Case No. 4:24-cv-4058 ("the Lawsuit").

2.    **Relevant Facts and Parties**

The parties, through their undersigned counsel, agree that certain documents, testimony, or information exchanged, produced, or otherwise obtained in or through discovery in the Lawsuit contain or may contain confidential information, including things like PHI, PII, health

records, personal identifiers, and proprietary business documents like budgets, operating margins, budget plans, income statements, payment formulas, and other similar information of a confidential and proprietary nature that is not readily available to the public and not readily available within either parties' own systems to all of each parties' employees. The parties specifically agree to this Protective Order to: 1) maintain all confidentiality and privileges provided by law with regard to any qualifying documents or information exchanged in the Lawsuit; and 2) to facilitate and expedite discovery in the interest of bringing this action to a just, speedy, and efficient conclusion while protecting the confidentiality and sensitivity of information exchanged between the parties. (As used herein, "party(ies)" includes not just the named parties, but the attorneys and employees of the litigants herein.)

3.    **<u>HIPAA Qualification</u>**

a.    Pursuant to 45 C.F.R. § 164.512, the parties have agreed that, and this Court finds, that good cause exists for the entry of this Protective Order to prevent the unauthorized disclosure of PHI as that term is defined by 45 C.F.R. § 160.103, 164.501, and further described by the Health Insurance Portability and Accountability Act (HIPAA), and to direct the parties as to the use and safekeeping of PHI during the course of the Lawsuit.

b.    During the course of the Lawsuit, the parties recognize PHI may unintentionally be disclosed and, at other times, it may be necessary to disclose minimal amounts of PHI for purposes related to the Lawsuit.

c.    This Protective Order shall apply to any records produced in the Lawsuit by either party, both of whom are covered entities or business associates (as defined by 45 C.F.R. §160.103), through their counsel to the opposing party's counsel, and it shall also apply to any non-party covered entity or business associate who receives a request to produce or a subpoena for PHI from the parties to the Lawsuit. These covered entities or business associates are hereby permitted to disclose such PHI in relation to the Lawsuit, subject to the terms of this Protective Order.

d.      All PHI disclosed by either party, or by any non-party covered entity or business associate, shall be used for the sole purpose of preparing for or conducting the Lawsuit, including, but not limited to, discovery, depositions, trial preparation or trial and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

e.      PHI may be disclosed by either party, or by any non-party covered entity or business associate, health care provider, insurer, party, party's expert, or party's attorney without further notice to the following:

    i.      the attorneys of record for the parties in the Lawsuit and their respective law firm's attorneys, paralegals, law clerks, clerical staff, and document services staff regularly working with those attorneys to the extent necessary to defend or prosecute the Lawsuit;

    ii.     the parties themselves, including officers, directors, or employees, but only to the extent necessary to defend or prosecute the Lawsuit;

    iii.    experts or consultants retained or employed by any party for the purposes of the Lawsuit, provided that such expert or consultant signs Exhibit A attached hereto;

    iv.     any court reporter or videographer recording or transcribing testimony in the Lawsuit;

    v.      witnesses called to testify at depositions whom the propounding party has good faith reason to believe are likely to have personal knowledge concerning the matter described in the PHI being presented, provided that the deposition transcript, or that portion of the transcript discussing the PHI, shall be designated as "CONFIDENTIAL" as that term is defined below;

    vi.     liability insurers of any of the parties involved in the Lawsuit;

    vii.    in any proceedings for health oversight activities as permitted under 45 C.F.R. §164.52; and

    viii.   copying services for the purpose of copying records subject to this Protective Order.

f.      The parties and each entity governed by this Protective Order shall either (a) destroy or (b) return to the entity who originally produced it, all PHI including all copies made, data generated, and notes reflecting the PHI, provided, however, the said PHI may be retained in the

files of the law firms handling the Lawsuit and may be destroyed pursuant to their regular file retention policies so long as the PHI is maintained in a secure environment.

4.    **Applicable Documents and Information**

a.    A party may designate as "CONFIDENTIAL" any document or other material that the designating party reasonably believes contains or reflects confidential or proprietary information. The designation of documents or other materials shall be made by written notice in the materials designated (such as on the first page of a discovery response or of each individual document). The designation of portions of testimony shall be made on the record and/or promptly after receipt of a transcript thereof by the designating party. A party who has not properly designated information as "CONFIDENTIAL" and learns of its failure may remedy the failure by providing a copy of the document or other material with the appropriate demarcation upon learning of the failure and the recipient of the new document or other material shall destroy the prior, unmarked version.

b.    A party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any document or other material that the designating party reasonably believes contains or reflects confidential or proprietary information of a particularly sensitive nature. The designation of documents or other materials shall be made by written notice in the materials designated (such as on the first page of a discovery response or of each individual document). The designation of portions of testimony shall be made on the record and/or promptly after receipt of a transcript thereof by the designating party. A party who has not properly designated information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and learns of its failure may remedy the failure by providing a copy of the document or other material with the appropriate demarcation upon learning of the failure and the recipient of the new document or other material shall destroy the prior, unmarked version.

5.      **Scope of Protective Order**

a.      This Protective Order shall govern the use and disclosure of all information produced by or on behalf of any party to the Lawsuit, including in any deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding (informal or formal) in the Lawsuit, and shall also govern any non-party who receives a request to produce or a subpoena from the parties to the Lawsuit, as that disclosure relates to documents or information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as described above in 4.a. and 4.b. (collectively referred to as "Confidential Information"). Documents or information designated pursuant to 4.a. and 4.b. and provided to the other party in any way, shall be used only for the purpose of preparing for and conducting the Lawsuit (including any initial analysis, appeals, retrials, or interlocutory, collateral, or ancillary proceedings in aid of this action) and for no commercial, competitive, or other purposes, and only as further provided in this Protective Order.

b.      No party or person receiving information pursuant to this Protective Order shall disclose it to any other person except in conformance with this Protective Order.

c.      This Protective Order is without prejudice to the rights of any party to seek or agree to less, different, or additional protection for any particular documents or testimony.

d.      This Protective Order, and labeling documents under this Protective Order, should not supplant or dictate any determination as to whether or not documents and information exchanged between the parties during the course of their business dealings and prior to the filing of the Lawsuit were or were not, or are or are not, confidential or proprietary under the law.

6.      **Use and Access of Confidential Information**

a.      Any information designated CONFIDENTIAL in this Lawsuit by any of the parties shall be used by the receiving party solely for purposes of prosecuting or defending the Lawsuit

and shall not be disclosed (whether by communicating, showing, giving, discussing, or otherwise making available) except to the persons listed below:

  i.  the attorneys of record for the parties in the Lawsuit and their respective law firm's attorneys, paralegals, law clerks, clerical staff, and document services staff regularly working with those attorneys to the extent necessary to defend or prosecute the Lawsuit;

  ii.  the parties themselves, including officers, directors, or employees, but only to the extent necessary to defend or prosecute the Lawsuit;

  iii.  experts or consultants retained or employed by any party for the purposes of the Lawsuit, provided that such expert or consultant signs Exhibit A attached hereto;

  iv.  any court reporter or typist recording or transcribing testimony in the Lawsuit;

  v.  witnesses called to testify at depositions whom the propounding party has good faith reason to believe are likely to have personal knowledge concerning the matter described in the Confidential Information being presented, provided that the deposition transcript, or that portion of the transcript discussing the Confidential Information, shall be designated as "CONFIDENTIAL";

  vi.  liability insurers of any of the parties involved in the Lawsuit;

  vii.  mock jury participants, provided that such participants sign Exhibit A attached hereto;

  viii.  in relation to Pill only, any proceedings for health oversight activities as permitted under 45 C.F.R. §164.52; and

  ix.  copying services for the purpose of copying records subject to this Protective Order.

  b.  Any information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY in the Lawsuit by any of the parties shall be used by the receiving party solely for purposes of prosecuting or defending the Lawsuit and shall not be disclosed (whether by communicating, showing, giving, discussing, or otherwise making available) except to the persons listed below:

  i.  the attorneys of record for the parties in the Lawsuit and their respective law firm's attorneys, paralegals, law clerks, clerical staff, and document services staff regularly working with those attorneys to the extent necessary to defend or prosecute the Lawsuit;

      ii.     experts or consultants retained or employed by any party for the purposes of the Lawsuit, provided that such expert or consultant signs Exhibit A attached hereto;

      iii.    any court reporter or typist recording or transcribing testimony in the Lawsuit;

      iv.    in relation to PHI only, any proceedings for health oversight activities as permitted under 45 C.F.R. §164.52; and

      v.    except for PHI as described above in Part 3, non-party witnesses whom the propounding party has a good faith basis to believe are likely to have personal knowledge concerning the matter described in the Attorney's Eyes Only information being presented.

c.    It is counsel's obligation to provide all persons who receive documents or information, including attorney interpretations of that information, marked as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY with a copy of this Protective Order and, for individuals listed in (a)(ii)-(viii) and (b)(ii) - (v) above of this Section, to obtain a signed certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

**7.**    **Service and Filing Procedures**

a.    Any Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY must be clearly so designated before the Confidential Information is disclosed or produced. The CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation should not obscure or interfere with the legibility of the designated Confidential Information.

b.    Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is

disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph. The burden of

persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

c.    Any information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY filed with the Court, including any materials that contain, embody, discuss, or disclose such Confidential Information, shall be designated in accordance with the requirements above and filed under seal, for the Court's use only, pursuant to the Court's process for doing so.

d.    Any information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY filed with the any other court in any other jurisdiction, including any materials that contain, embody, discuss, or disclose such Confidential Information, shall be designated in accordance with the requirements above and filed under seal, for that court's use only, pursuant to that court's process for doing so.

e.    If any person is required to produce documents or other information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to a subpoena, court order, or other legal process, the party who designated the document as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be given immediate notice and an opportunity to object to its production, unless providing notice is prohibited by law. Nothing herein shall be construed as requiring the party to which the subpoena, court order, or other legal process is sent to challenge or appeal any order requiring production of documents designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY or to subject itself to any penalty for noncompliance with any legal process.

8.    **Final Disposition**

At sixty (60) days after the final termination of the Lawsuit, including any appeals, all documents or information labeled as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order, all copies thereof, and any notes reflecting that information, which are not in the Court's custody, shall be destroyed. Written certification that all such information has been destroyed shall be provided to the producing party at the date of destruction.

9.    **Continuing Force**

This Protective Order shall remain in full force and effect after the termination of the Lawsuit. In addition, the Court shall retain jurisdiction over the parties, their attorneys, and all other persons to whom Information designated by this Protective Order has been disclosed for the purposes of enforcing the terms of this Protective Order and/or redressing any violations thereof until sixty (60) days after the final disposition of this action, including any appeals. Any qualifying information filed with the Court shall remain under seal with the Court until the final disposition of this Lawsuit and then disposed of pursuant to the Court's process for doing so.

10.    **Inadvertent Production**

a.    Any party's inadvertent production pursuant to discovery (or other disclosure) of any document or communication protected by any privilege, the work product doctrine, statutory confidentiality, or contractual confidentiality will not operate as a waiver of the producing party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the party producing it on written request identifying the specific document(s).

b.    In the event that any Confidential Information that is subject to a CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is inadvertently produced without such designation, the party that inadvertently produced the document shall give written

notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. Upon receipt of such notice, the parties that received the inadvertently produced Confidential Information shall promptly destroy the inadvertently produced Confidential Information and all copies thereof, or, at the expense of the producing party, return such together with all copies of such Confidential Information to counsel for the producing party and shall retain only the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials. Should the receiving party choose to destroy such inadvertently produced Confidential Information, the receiving party shall notify the producing party in writing of such destruction within ten (10) days of receiving notice of the inadvertent production.

c.    Parties possessing such inadvertently produced confidential information who receive timely notification discussed above, shall return the subject material within 5 business days. To the extent notification is provided, but said notification is not timely, the parties shall attempt to in good faith to resolve the issue prior to involving the Court.

d.    The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

**11.    <u>Merger</u>**

This Protective Order contains the entire agreement of the parties with respect to the subject matter of this Protective Order, and it supersedes all prior negotiations, Protective Orders and understandings relating thereto.

12.    **Modification**

If any party wishes to modify this Protective Order, the parties shall first request such

modification from each other, and, if no satisfactory agreement is reached, may petition the

Court for modification at any time prior to termination of the Lawsuit. Modification of this

Protective Order after termination of the Lawsuit, by judgment, settlement, or otherwise, shall

not be permitted. Until modification is granted by agreement or order, the terms of this

Protective Order will govern.

13.    **Safeguarding Confidential Information**

The recipient of any document or other item labeled CONFIDENTIAL or

CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order shall

maintain such information in a secure and safe area and shall exercise due and proper care with

respect to its storage, custody and use.

14.    **Notice to Counsel**

Any notice that a party is required to provide under this Protective Order

shall be sent to all of the attorneys listed below.

Dated this 26ᵗʰ day of March 2025

BY THE COURT:

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

Dated this __26__ day of March, 2025.

**HEIDEPRIEM, PURTELL,
SIEGEL, HINRICHS & TYSDAL, LLP**

By

John R. Hinrichs (john@hpslawfirm.com)
Steven S. Siegel (steve@hpslawfirm.com)
Samuel C. Matson (sam@hpslawfirm.com)
101 West 69th Street, Suite 105
Sioux Falls, SD 57108
(605) 679-4470

*and*

**ARNALL, GOLDEN, GREGORY LLP**
Matthew M. Lavin (matt.laven@AGG.com)
2100 Pennsylvania Ave. NW, Ste 350S
Washington, DC 20037
(202) 677-4030
Admitted Pro Hac Vice

*Attorneys for New Life Treatment Center, Inc.*

Dated this 26th day of March, 2025.

**BOYCE LAW FIRM, L.L.P.**

By _[signature]_
Matthew D. Murphy
300 S. Main Avenue
P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
mdmurphy@boycelaw.com

*and*

**MANATT, PHELPS & PHILLIPS, LLP**
David Boyadzhyan (*pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
dboyadzhyan@manatt.com

*and*

**HERNANDEZ LASKA LLP**
Ileana M. Hernandez (*pro hac vice*)
3415 South Sepulveda Blvd., Suite 1100
Los Angeles, CA 90034
(310) 742-5816
ihernandez@hernandezlaska.com

*Attorneys for Sanford Health Plan*

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NEW LIFE TREATMENT CENTER, INC.<br><br>Plaintiff,<br>vs.<br><br>SANFORD HEALTH PLAN.,<br><br>Defendant. | 4:24-CV-04058-KES<br><br><br>**AGREEMENT TO BE BOUND BY ORDER GOVERNING CONFIDENTIAL <u>TREATMENT OF DISCOVERY</u> MATERIAL** |

The undersigned hereby acknowledges that he/she has read the Protective Order governing the confidential treatment of discovery material in the above-captioned case and that he/she understands the terms thereof and that he/she agrees to be bound by such terms. The undersigned further agrees to subject himself/herself to the jurisdiction of the above- referenced Court in connection with the enforcement of the Protective Order.

_____
SIGNATURE

_____
NAME (PRINTED)

_____
AFFILIATION/COMPANY

_____
DATE

403671267.1